1998 ME 88

Virginia R. OLIVER

v.

**CITY OF ROCKLAND, et al.**

Supreme Judicial Court of Maine.

Argued Dec. 5, 1997.
Decided April 30, 1998.

Frederick M. Newcomb, III (orally), Rockland, for plaintiff.

James D. Bivins (orally), Carol L. Maines, City Attorneys, Rockland, for City of Rockland.

Randal E. Watkinson (orally), Strout & Payson, P.A., Rockland, for Sandefur and Andrews.

Ronald & Lori Marie Robbins, Rockland, pro se.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

LIPEZ, Justice.

[¶ 1] Virginia R. Oliver appeals from the judgment of the Superior Court (Knox County, *Marsano, J.*) affirming two decisions of the Rockland Board of Zoning Appeals that rejected her challenges to the issuance by the City of Rockland of a plumbing permit and a certificate of occupancy to Ronald and Lori Marie Robbins. We affirm the judgment.

I.

[¶ 2] The subject of the controversy between the parties is property located at 10 Clarendon Street in Rockland. Jay Andrews and Peter Sandefur purchased this property in 1989. The property's previous occupants had vacated the premises four years earlier. After purchasing the property the two men attempted to renovate the house on the property.[1] After becoming frustrated with this project, they put the property on the market and entered into a sales contract with Ronald and Lori Marie Robbins in July 1996.

[¶ 3] On July 13, 1996, the City of Rockland issued a plumbing permit to the Robbinses. In August 1996 Oliver, the owner of adjoining property, challenged the City's issuance of the plumbing permit by appealing to the Rockland Zoning Board of Appeals (the Board). On August 12, 1996, three days after Oliver filed her appeal, the zoning ordinance of the City of Rockland was amended.[2]

---

1. The parties agree that the structure and the lot do not comply with area and setback requirements of the City of Rockland zoning ordinance. The use of the property, however, does conform with the ordinance's zoning requirements that the property be used for residential purposes.

2. Before the amendments were enacted, the ordinance included the following provision:

   **Sec. 19–308 Non–Conforming Uses**
   1. Existing Non–Conforming Building Use Permitted. The unlawful use of a building existing at the time of the effective date of this Article may be continued although such use does not conform with the provisions of this Article and such building may be reconstructed or structurally altered and the non-conforming use changed subject to the following regulations.

   . . .

   D. Resumption Prohibited. A lot, building, or structure in or on which a nonconforming use is discontinued for a period exceeding one (1) year may not again be devoted to a nonconforming use except that the Planning Commission may, for good cause shown by the applicant, grant up to a one (1) year extension to that time period. This provision shall not apply to the resumption of a use of a residential structure provided that the structure has been used or maintained for residential purposes during the preceding five (5) year period.
   Rockland, Me., Code § 19–308 (Oct. 11, 1995).

   The original ordinance defined "nonconforming use" as "the lawful use of a building or land existing at the effective date of this Article, or amendments thereto, which use does not con-

At the hearing on Oliver's appeal, the parties limited their discussion to whether the pre-amended ordinance precluded the City's issuance of the permit because of the long vacancy at 10 Clarendon Street. The Board denied Oliver's appeal on September 5, 1996, holding that section 19–308(1)(D), entitled "Non–Conforming Uses," did not apply by its terms to nonconforming structures.

[¶ 4] On September 18, 1996, Oliver filed a petition for review of the Board's decision with the Superior Court pursuant to M.R. Civ. P. 80B and 30–A M.R.S.A. § 2691 (1996). The City was named as a party, and the Robbinses, Andrews, and Sandefur were named as parties-in-interest. The City filed a motion for a trial of the facts pursuant to M.R. Civ. P. 80B(d). Noting that Sandefur and Andrews were not present at the hearing before the Board, the City contended that if the court found that section 19–308(1)(D) was applicable, evidence regarding the history of the property would be insufficient for a determination whether the vacancy constituted a discontinuance. The court (*Atwood, J.*) ordered a trial of the facts.[3]

[¶ 5] In December 1996 the City issued the Robbinses a certificate of occupancy. Oliver appealed the issuance of the certificate to the Board. Her appeal was subsequently denied. She appealed the Board's decision to the Superior Court pursuant to M.R. Civ. P. 80B and 30–A M.R.S.A. § 2691. The two appeals were consolidated and a trial of the facts was held. At the trial a copy of the amended ordinance was submitted to the court as a joint exhibit. The court affirmed both decisions of the Zoning Board of Appeals. This appeal followed.

## II.

[¶ 6] Oliver argues that the City should not have issued the plumbing permit or the certificate of occupancy to the Robbinses because the property was unoccupied from 1985 to August 1996 when the Robbinses moved into the house on the premises. Given this history, she contends that the property was not used or maintained as a residence for the five years preceding the issuance of the plumbing permit and, therefore, the resumption of a residential use is prohibited under section 19–308(1)(D). The City, Sandefur, and Andrews[4] counter that recent amendments to the ordinance govern Oliver's appeal and render it moot or, at a minimum, clarify that the resumption prohibited by section 19–308(1)(D) does not apply to nonconforming structures or lots devoted to conforming uses. Alternatively, they assert that even if the preamended ordinance governs her appeal, the meaning of "nonconforming use" in that edition of the ordinance did not include a nonconforming structure.

[¶ 7] The record indicates that none of the parties raised the applicability of the amended ordinance before the Board.[5] In deciding Oliver's appeal, the Board only considered whether a nonconforming structure was a nonconforming use under section 19–308(1)(D) of the original ordinance. We have repeatedly stated that a party in an administrative proceeding must raise any objections it has before the agency to ensure that the agency, and not the court, has the first opportunity to pass upon the claims of the parties. *Berry v. Maine State Retirement Sys. Bd. of Trustees,* 663 A.2d 14, 18–19 (Me.1995). The submission of the amended ordinance as a joint exhibit at the trial of the facts was insufficient to preserve the applica-

---

form with the regulations of the zone in which it is located." Rockland, Me., Code § 19–302(20).

The amended ordinance includes a provision similar to the original section 19–308(1)(D). It, however, defines "nonconforming use," "nonconforming structure," and "nonconforming lot" and differentiates between the three. Rockland, Me., Code § 19–302 (Sept. 11, 1996).

3. The Superior Court should not have acted as a factfinder on the discontinuance issue. That issue should have been addressed by the Board. The error, however, was harmless.

4. The Robbinses did not submit a brief on appeal.

5. The applicability of the amended ordinance was first argued by Sandefur and Andrews in their trial brief submitted to the court four days before the trial of the facts. They did not argue that the amended ordinance rendered Oliver's appeal moot. Rather, they only argued that it illustrated the City's intent to protect nonconforming structures and lots from discontinuance.

bility of the amended ordinance as an issue on appeal. Because the parties failed to properly raise before the Board the applicability of the amended ordinance, our review is limited to whether the Board erred in its determination that section 19–308(1)(D) of the pre-amended ordinance did not apply to nonconforming structures.[6]

[¶ 8] The meaning of terms or expressions in a zoning ordinance is a question of law for the court. *George D. Ballard, Builder, Inc. v. City of Westbrook,* 502 A.2d 476, 480 (Me.1985). "The terms or expressions are construed reasonably with regard to both the objects sought to be obtained and to the general structure of the ordinance as a whole." *Id.* Furthermore, "[u]ndefined terms should be given their common and generally accepted meaning unless the context clearly indicates otherwise." *Id.*

[¶ 9] We have often stated that " '[n]onconforming uses are a thorn in the side of proper zoning and should not be perpetuated any longer than necessary. The policy of zoning is to abolish nonconforming uses as swiftly as justice will permit.' " *Farley v. Town of Lyman,* 557 A.2d 197, 201 (Me.1989) (quoting *Town of Windham v. Sprague,* 219 A.2d 548, 552–53 (Me.1966)). To that end, " 'provisions of a zoning regulation for the continuation of [nonconforming] uses should be strictly construed, and provisions limiting nonconforming uses should be liberally construed.' " *Town of Windham v. Sprague,* 219 A.2d at 552 (quoting 101 C.J.S. *Zoning* § 182). This rule of construction, however, does not preclude a town from adopting a policy permitting the continuance of nonconforming structures and enacting an ordinance which furthers that policy by its explicit terms.

[¶ 10] We agree with the Board that section 19–308(1)(D) of the original ordinance does not apply to a nonconforming structure devoted to a conforming use. The original ordinance defined a "nonconforming use" as "the lawful use of a building or land existing at the effective date of this Article, or amendments thereto, which *use* does not conform with the regulations of the zone in which it is located." (Emphasis added). The definition does not include nonconforming structures. Moreover, a review of the original ordinance in its entirety confirms that the term "nonconforming use" does not include nonconforming structures and lots. For example, section 19–309, the provision reciting the exceptions and exemptions to the ordinance, refers to "nonconforming structures and uses." If the drafters of the ordinance had intended the phrase "nonconforming use" to include within its meaning nonconforming structures, they would not have referred to the two concepts separately. Section 19–308 itself distinguishes between nonconforming uses and nonconforming buildings. Other sections in the ordinance also link the term "use" with the activities being conducted on the property. Section 19–301(3)(B), which sets forth the authority of the Board to grant variances, provides in pertinent part that "[n]o variance shall be granted for a use not allowed within the zone in which the property is located." If the term "use" included nonconforming structures, the Board could never grant a variance.

[¶ 11] We will not substitute our judgment for that of the Rockland City Council. There is no impediment in law to its decision to distinguish between nonconforming uses and structures and to permit the continuation of the latter.[7]

The entry is:

Judgment affirmed.

---

6. Moreover, because the parties failed to preserve this issue, we are not called upon to determine the applicability of 1 M.R.S.A. § 302 (1989) (the statutory provision dealing with the effect on pending proceedings of an amendment to a municipal ordinance) to this appeal.

7. We decline Sandefur's and Andrews's invitation to impose sanctions against Oliver for instituting a frivolous appeal pursuant to M.R. Civ. P. 76(f). We will exercise that power only in egregious cases. *Rich v. Fuller,* 666 A.2d 71, 77 (Me.1995). The facts of this case do not merit such an imposition.