STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2003 NOV -7  A 10: 55

DONALD L.
LAW LIBRARY

NOV 20 2003

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-24
REC-CUM-11/7/2003

PETER C. NEALEY

Petitioner,

ORDER ON
PETITIONER'S
80C APPEAL

v.

PETER E. WALSH

Respondent.

Petitioner contends that the Hearing Officer erred by refusing to consider evidence of child support payments made by Petitioner prior to November 7, 2002. A party challenging a decision of an administrative agency bears the burden of proving that the decision was improper. See Bischoff v. Board of Trustees, 661 A.2d 167, 170 (1995). For the following reasons, the court finds that the Petitioner has not established that the decision of the Hearing Officer was improper.

On November 7, 2002, the State of Maine Department of Human Services (Department) issued to Petitioner a Notice of Debt, which was served via certified mail on November 15, 2002. Section 2.a of the Notice of Debt stated that Petitioner's child support debt from May 31, 1996 through November 7, 2002 totaled $1,073.05, and that it was continuing to accrue at $150.00 per week. Sections 7.a. and 7.e. of the Notice of Debt stated that Petitioner could contest the amount of debt within thirty days by requesting an administrative hearing, and that if he failed to do so, he would lose his right to contest the debt. The Department did not receive a timely request from the Petitioner for an administrative hearing to contest the Notice of Debt.

On December 31, 2002, the Department issued a Notice of Lien against Petitioner. On January 3, 2003, Petitioner filed a request for an administrative hearing. The request, however, did not state whether it was submitted in response to the Notice of

Debt or the Notice of Lien. The hearing was held on February 2, 2003. At the hearing, the Petitioner attempted to introduce evidence of payments made prior to November 7, 2002, and the Hearing Officer refused to consider the Petitioner's records, as they pertained to payments made prior to the Notice of Debt.

Given that Petitioner waited until after thirty days from receiving the Notice of Debt to challenge the amount of child support owed as of November 7, 2002, the Hearing Officer's refusal to consider evidence of payments made prior to November 7, 2002 was not clearly erroneous and must be affirmed. Imagineering, Inc. v. Superintendent of Ins., 593 A.2d 1050, 1053 (Me. 1991).

In addition, the Petitioner did not properly raise the issue before the Department before bringing a challenge in the Superior Court. See Wells v. Portland Yacht Club, 2001 ME 20, ¶ 5, 771 A.2d 371, 373. Therefore, he is precluded from obtaining judicial review of the Department's determination of the amount of his child support debt as of November 7, 2002. See Oliver v. City of Rockland, 1998 ME 88, ¶ 7, 710 A.2d 905, 907.

The entry is

The decision of the Respondent is AFFIRMED.

Dated at Portland, Maine this 4th day of November, 2003.

Robert E. Crowley
Justice, Superior Court



Date Filed __04-02-03__    Cumberland    Docket No. __AP-03-24__

County

Action __80C Appeal__

PETER C. NEALEY      STATE OF MAINE, DEPARTMENT OF HUMAN SERVICES

vs.

Plaintiff's Attorney
PRO SE
Peter C. Nealey
43 Towpath Road
Gorham, ME 04038
(207) 892-4479

Defendant's Attorney
Carlos Diaz
Assistant Attorney General
Department of the Attorney General
6-State-House-Station 44 Oak St., 4th Fl.
Augusta,-Maine-04333-0006-Portland, ME
(207) 822-0260      04101

Date of