1998 ME 153

### TWO LIGHTS LOBSTER SHACK

v.

### TOWN OF CAPE ELIZABETH et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 19, 1997.

Decided June 17, 1998.

---

Patrick J. Scully, Bernstein, Shur, Sawyer & Nelson, P.C., Portland, for plaintiff.

Michael H. Hill, Monaghan, Leahy, Hochadel & Libby, Portland, for Town of Cape Elizabeth.

Harold C. Pachios, Preti, Flaherty, Beliveau & Pachios, L.L.C., Portland, for intervenor Wayne Brooking.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

RUDMAN, Justice.

[¶ 1] Two Lights Lobster Shack, Inc. ("The Lobster Shack"), a Cape Elizabeth restaurant, appeals from a judgment entered in Superior Court (Cumberland County, Mills, J.) affirming the decision of the Cape Elizabeth Zoning Board of Appeals. The Lobster Shack contends that the board and the court erred as a matter of law by concluding that the proposed use of the area created by the proposed foundation would constitute an im-permissible extension of a nonconforming use pursuant to the Cape Elizabeth zoning ordinance. We disagree and affirm the judgment.

[¶ 2] The Lobster Shack is located in both the Residential A ("RA") Zone and the Shoreland Performance Overlay Zone ("Shoreland Zone") as defined by the town's zoning ordinance. Restaurants are not permitted uses in the RA Zone and the building in which the Lobster Shack operates does not meet the applicable setback requirements. Thus, the use and the structure are nonconforming pursuant to the terms of the applicable zoning ordinance.

[¶ 3] The Lobster Shack sought approval from the Town to construct a foundation beneath the restaurant, thereby creating a basement where only a crawlspace existed previously.[1] The stated purposes of the construction were to protect the structural integrity of the building and to provide additional storage space for the business. The Town's code enforcement officer determined that the construction project required board approval. The Lobster Shack submitted its application to the board and alternatively applied for a variance for the proposed project.

[¶ 4] After public hearings in May and June 1996, the board issued a written decision with findings of fact denying both the permit application and the variance application. The board reasoned that, although the proposed foundation would not create a prohibited expansion of use pursuant to the Shoreland Zone requirements, the proposed use would constitute "an extension of a nonconforming use" pursuant to the Town's generally applicable nonconforming use restrictions because "the resulting basement was not manifestly designed for such use before the enactment of the ordinance or any amendment making the present use nonconforming."[2] The board also concluded that

---

1. The Lobster Shack also sought approval to construct a handicap access ramp adjacent to the building and to enclose a porch area. The restaurant withdrew its request to build the ramp and does not challenge the board's decision to deny approval of the porch enclosure.

2. That section provides:
   **Extension of Area.** A non-conforming use of a building or structure shall not be extended, nor shall a non-conforming use or [sic] part of a building or structure be extended to other parts of the building or structure, unless in the opinion of the board, those parts were mani-

the land could yield a reasonable return without a variance and thus denied the variance application. The Superior Court affirmed the board's decision and this appeal followed.[3]

■ [¶ 5] The meaning of terms or expressions in a zoning ordinance is a question of law for the court. *Oliver v. City of Rockland,* 1998 ME 88, ¶ 8, 710 A.2d 905 (citations omitted). When the Superior Court acts as an appellate court, we independently examine the record and review the board's decision for an abuse of discretion or an error of law. *Cumberland Farms, Inc. v. Town of Scarborough,* 1997 ME 11, ¶ 3, 688 A.2d 914, 915. When factual findings are made adverse to a party with the burden of proof, we will reverse them only when the record compels a contrary conclusion. *Gillespie v. Town of Southwest Harbor,* 675 A.2d 501, 503 (Me. 1996). Guiding our interpretation of the Town's zoning ordinance provisions concerning nonconforming uses is our recognition that the policy of zoning generally is to "abolish nonconforming uses as speedily as justice will permit" and thus "provisions of a zoning regulation for the continuation of [nonconforming] uses should be strictly construed, and provisions limiting nonconforming uses should be liberally construed." *Nyczepir v. Town of Naples,* 586 A.2d 1254, 1256 (Me. 1991) (quotations and citations omitted).

[¶ 6] The property of the Lobster Shack is subject to the zoning regulations of the Shoreland Performance Overlay Zone. The Shoreland Zone regulations prohibit the expansion of a nonconforming use, although, by definition[4], the utilization of additional basement space is specifically not considered an expansion of use. Thus, the Shoreland Zone's regulations do not prohibit either the construction of a new foundation or the use of the resulting basement area.

[¶ 7] The Lobster Shack, however, is also subject to the generally applicable nonconforming use restrictions found in section 19–3–10 of Cape Elizabeth's zoning ordinance. These provisions prohibit the extension of a nonconforming use into an additional part of a building "unless ... those parts were manifestly arranged or designed for such use prior to the enactment of this Ordinance or of any amendment making such use nonconforming." Section 19–3–10 of the generally applicable zoning ordinance would thus not prohibit the construction of a new foundation, but would prohibit the extension of the nonconforming use into the basement area created by the new foundation.

■ [¶ 8] An apparent conflict exists between the Shoreland Zone regulations and the Town's general zoning ordinance—the former would not prohibit the use of the resulting basement space contemplated by the Lobster Shack, the latter would prohibit such use. This conflict would be troubling if not for the existence of section 19–4–11 of the Town's zoning ordinance that states:

> Whenever a provision of this Ordinance conflicts with, or is inconsistent with another provision of this Ordinance or any other ordinance, regulation or statute, the more restrictive and specific provisions shall control.

Cape Elizabeth, Me., Zoning Ordinance § 19–4–11 (1995). The Town's zoning ordinance contemplates potential conflicts within its provisions, and directs how such conflicts shall be resolved. The board followed the ordinance's direction and thus we find no error in the board's decision to deny the Lobster Shack's application.[5]

---

festly arranged or designed for such use prior to the enactment of this Ordinance or of any amendment making such use nonconforming. Cape Elizabeth, Me., Zoning Ordinance § 19–3–10(c) (1995).

3. The Lobster Shack did not appeal the board's denial of its application for a variance.

4. Section 19–1–3 of the zoning ordinance defines "expansion of use" as: "The addition of weeks or months to a use's operating season; additional hours of operation: or the use of more floor area

or ground area devoted to a particular use." "Floor area of a structure" is defined as: "The sum of the contiguous horizontal areas of the floor(s) of a structure enclosed by exterior walls ... *excluding basement space....*" (emphasis added).

5. The Lobster Shack contends that the record does not support the board's finding that the proposed use of the basement is inconsistent with the pre-ordinance use of the area beneath the restaurant. We will reverse factual findings adverse to the party with the burden of proof

The entry is:

Judgment affirmed.

only if the record compels a contrary conclusion. *Foley v. Adam,* 638 A.2d 718, 719 (Me.1994). The record does not compel such a conclusion;

the proposed basement could not have been "designed for such use before the enactment of the ordinance" because no basement yet exists.