2007 ME 14

**Arthur B. JACOBS**

v.

**Lisa J. JACOBS.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Nov. 16, 2006.

Decided: Jan. 18, 2007.

Arthur B. Jacobs, Mt. Desert, for plaintiff.

Lisa J. Jacobs, Seal Cove, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

LEVY, J.

[¶ 1] Lisa J. Jacobs appeals from a judgment entered in the District Court (Ellsworth, *Staples, J.*) granting Arthur B. Jacobs a protection from abuse order against her after a full hearing pursuant to 19–A M.R.S. § 4007 (2005). Lisa contends that the court's finding that Lisa and Arthur are "[f]amily or household members" within the meaning of 19–A M.R.S. § 4002(4) (2005) is clearly erroneous. We agree and vacate the judgment.

## I. BACKGROUND

[¶ 2] Arthur and Lisa Jacobs are adult siblings who have been involved in a long-standing dispute over the ownership and control of their late father's grave. Arthur and Lisa's paternal grandmother purchased the cemetery plot at the time of her son's death and placed the deed to the plot in Lisa's name. Arthur and Lisa's mother asked Lisa to relinquish her control of the cemetery plot several times, but Lisa has refused because she feels that her grandmother entrusted the care of the gravesite to her specifically. The family has disputed how best to care for and decorate the gravesite.

[¶ 3] On October 2, 2005, Lisa and a friend were tending to the grave and planting a bush. At the behest of his mother, Arthur drove to the gravesite and asked Lisa and her friend what they were doing. Arthur and his witnesses testified that Lisa then charged at Arthur, hitting him several times in the head, chest, and shoulders, and threatening to kill him. Lisa testified that Arthur charged at her aggressively, and she poked him in the chest in defense.

[¶ 4] Arthur applied for and was granted a preliminary protection from abuse order against Lisa the next day. In his complaint, Arthur indicated he was forty-three years old and stated that Lisa was his sister, but he did not provide any additional description of their relationship as is permitted by the form. After a full hearing on the complaint, the court entered a final protection from abuse order against Lisa for a term of two years, and it checked the boxes indicating that it found that "[t]he parties are family or household members" and "[t]he plaintiff was abused by the defendant." Lisa filed this timely appeal.

## II. DISCUSSION

[¶ 5] We review a trial court's findings of fact for clear error and will affirm the court's findings if there is competent evidence in the record to support them, even if the evidence might support alternative findings of fact. *Lyons v. Baptist Sch. of Christian Training*, 2002 ME 137, ¶ 13, 804 A.2d 364, 369.

[¶ 6] Lisa contends that the court's finding that she and Arthur are "[f]amily or household members" within the meaning of 19–A M.R.S. § 4002(4) is clearly erroneous because Arthur presented no evidence apart from the fact that they are siblings to support a finding that they are presently household members or that they formerly lived together. We agree.

■ [¶ 7] Pursuant to 19–A M.R.S. § 4005(1) (2005), "[a]n adult who has been abused by a family or household member may seek relief by filing a complaint alleging that abuse." The statutory definition of "[f]amily or household members" includes, among others, "adult household members related by consanguinity" and "individuals presently or formerly living together." *Id.* § 4002(4).[1] A plaintiff has the burden of proving an abuse claim by a preponderance of the evidence, including the element that the parties are family or household members. *See* 19–A M.R.S. § 4006(1) (2005).

[¶ 8] At the hearing on the final protection from abuse order, the court heard testimony that Arthur and Lisa are siblings, supporting a finding that they are related by consanguinity. However, the court received no evidence as to whether Arthur and Lisa have ever lived together, as adults or otherwise.

■ [¶ 9] When a defendant challenges the sufficiency of the evidence regarding a required element of a plaintiff's claim, we defer to the trial court's assessment of the witnesses and exhibits, including all reasonable inferences that may be drawn from the evidence. *See Withers v. Hackett*, 1998 ME 164, ¶ 7, 714 A.2d 798, 800. Though highly deferential, this standard of review still demands that "[f]act-finders must rely on evidence, not speculation, in fact-finding, and we must vacate decisions where fact-finding was unsupported by evidence." *Hannum v. Bd. of Envtl. Prot.*, 2003 ME 123, ¶ 15 n. 6, 832 A.2d 765, 770. Our assessment of whether an inferred fact is the product of a reasonable inference drawn from evidence, or mere speculation, does not occur in a vacuum. Here, we cannot be blind to the fact that in current society, family structures are varied and dynamic. *See generally* ALI PRINCIPLES OF THE LAW OF FAMILY DISSOLUTION: ANALYSIS AND RECOMMENDATIONS § 2.03 (2000) (recognizing many different parenting relationships, custodial arrangements, and family structures). There are many adults who, as children, never resided with both of their parents or all of their siblings. Knowing only that Arthur and Lisa are adult siblings, one can only speculate whether they satisfy any of the criteria in section 4002(4) necessary for a finding that they are "[f]amily or household members."

[¶ 10] Because there is not sufficient evidence in the record to support the finding that Arthur and Lisa are "family or household members" as defined in section 4002(4), we vacate the judgment.

The entry is:

Judgment vacated.

■

---

1. Title 19–A M.R.S. § 4002(4) (2005) provides in relevant part as follows:

"Family or household members" means spouses or domestic partners or former spouses or former domestic partners, individuals presently or formerly living together as spouses, natural parents of the same child, adult household members related by consanguinity or affinity or minor children of a household member when the defendant is an adult household member and, for the purposes of this chapter and Title 17–A, sections 1201, 1202 and 1253 only, includes individuals presently or formerly living together and individuals who are or were sexual partners.