**2008 ME 30**

**Frederick G. TRUDO et al.**

v.

**TOWN OF KENNEBUNKPORT.**

Supreme Judicial Court of Maine.

Submitted on Briefs:  Nov. 27, 2007.

Decided:  Feb. 21, 2008.

---

Brian D. Willing, Esq., Drummond Woodsum & MacMahon, Portland, ME, for the Town of Kennebunkport.

Durward W. Parkinson, Esq. Leah, B. Rachin, Esq. Bergen & Parkinson, LLC, Kennebunk, ME, for Frederick and Donna Trudo.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and GORMAN, JJ.

CLIFFORD, J.

[¶ 1] The Town of Kennebunkport appeals from the judgment of the Superior Court (York County, *Brennan, J.*) vacating the decision of the Town of Kennebunkport Zoning Board of Appeals. The Board determined that Frederick G. Trudo and Donna M. Trudo violated the Town's Land Use Ordinance in completing certain renovations to their home. The Town contends that the Board did not commit error when it determined that the Trudos' renovations constitute an impermissible expansion of a nonconforming use, and that the Superior Court erred in concluding otherwise. We agree with the Town, and vacate the judgment of the Superior Court.

## I. BACKGROUND

[¶ 2] In 2001, Frederick and Donna Trudo applied for a building permit with the Town, seeking to complete various renovations to their home on Kings Highway in Kennebunkport. In their application, the Trudos described their planned renovations as follows:

> Replace existing windows [and] French doors, change front gable window layout/configuration, enlarge two bedroom windows to egress size, install new garage door, shift French door opening in summer room, remove existing fireplace [and] relocate to opposite side of living room, add siding flair to accentuate stone, etc.

> No structure expansion or foot print change will occur.

Existing roofing [and] siding will also be replaced for which a permit is not needed.

The Town's code enforcement officer (CEO) approved the Trudos' application and issued a building permit dated September 17, 2002.

[¶ 3] In December of 2003, after the renovations were completed, the CEO cited the Trudos for violating the Town's Land Use Ordinance by enclosing with windows their formerly screened-in open porch without having obtained a permit to do so. The CEO ordered the Trudos to remove the windows and pay a $500 fine by January 5, 2004. The Trudos appealed the CEO's decision to the Zoning Board of Appeals. Following a hearing, the Board agreed with the CEO, finding that the Trudos' porch renovations did constitute a violation of the Ordinance, and ordered them to remove the windows.

[¶ 4] In May of 2004, the Trudos filed a complaint in the Superior Court seeking review of the Board's decision pursuant to M.R. Civ. P. 80B. The Superior Court retained jurisdiction over the matter, but remanded it to the Board for further factual findings. The Board issued the following further findings on remand: the Trudos' home is "legally nonconforming due to its lot size and its location within the Critical Edge zone and the Shoreland zone"; the Trudos' renovations to their home included installation of "expensive insulated glass windows which replaced screens," the addition of a "stone foundation, siding and shingles which replaced lattice-work," installation of a tile floor, removal of a "chimney and fireplace from the wall separating the house from the porch," and the installation of "insulation and a glass door in the opening"; these renovations allow the Trudos to "use the porch into the Fall months where previously it could be used in the Summer months"; and such im-

provements therefore allow the Trudos to expand their use of the porch in violation of the Land Use Ordinance. The Superior Court vacated the Board's decision, concluding that it was not supported by sufficient evidence. The Town appealed from the decision of the Superior Court.

## II. DISCUSSION

[¶ 5] The relevant provision of the Town's Land Use Ordinance mandates: "A non-conforming structure or use shall not be changed, extended or enlarged in any manner except as provided in this subsection." Kennebunkport, Me., Land Use Ordinance § 8.2(A) (Nov. 4, 2003). The Ordinance further defines a "[u]se" as "[t]he purpose for which land or a building or structure is arranged, designed or intended, or for which it is occupied," and defines an "[e]xpansion of use" as "[t]he addition of one or more months to a use's operating season; or the use of more floor area or ground area devoted to a particular use." Kennebunkport, Me., Land Use Ordinance § 2.2 (Nov. 4, 2003). A "[n]on-conforming structure, [u]se or [l]ot" is defined as "[a] structure, use or lot that is not otherwise permitted but which is allowed to continue solely because it was lawfully existing prior to the effective date of the original ordinance ... or prior to any subsequent amendment." Kennebunkport, Me., Land Use Ordinance § 2.2 (Nov. 4, 2003). By the plain language of section 8.2(A), there are two ways in which an expansion can be found impermissible, each of which alone is sufficient to support the Town's finding of an Ordinance violation: (1) when a nonconforming *use* is expanded, or (2) when a nonconforming *structure* is expanded.

[¶ 6] The Board concluded that the porch renovations violated the nonconforming use portion of section 8.2(A): "Based upon the nature of the improvements to the porch and the testimony of

the applicant, we conclude that the amount of time for use of the porch has been expanded as defined in Article 2 of Kennebunkport's LUO, and as a result there is a violation of Article 8.2.A Expansion." Following the issuance of those further findings by the Board, the Superior Court, in its appellate capacity, concluded that there was insufficient evidence to support the Board's finding that the Trudos' renovations constituted an impermissible expansion of a nonconforming use.

[¶ 7] Because the Superior court acted in its appellate capacity, we must review directly the operative decision of the municipality. *Gensheimer v. Town of Phippsburg*, 2005 ME 22, ¶ 7, 868 A.2d 161, 163. Pursuant to the Town's Land Use Ordinance, an appeal from a CEO decision to the Zoning Board of Appeals vests the Board with original jurisdiction to make independent findings of fact and conclusions of law. Kennebunkport, Me., Land Use Ordinance §§ 9.2(A), 9.3(I) (Nov. 4, 2003). Thus, the operative municipal decision is that of the Board of Appeals, which we review "for abuse of discretion, errors of law, or findings not supported by the substantial evidence in the record." *Griswold v. Town of Denmark*, 2007 ME 93, ¶ 9, 927 A.2d 410, 414 (quotation marks omitted); *see also Gensheimer*, 2005 ME 22, ¶ 16, 868 A.2d at 166. "Substantial evidence exists when a reasonable mind would rely on that evidence as sufficient support for a conclusion." *Griswold*, 2007 ME 93, ¶ 9, 927 A.2d at 414 (quotation marks omitted). We review deferentially the findings of fact made by the Board, and do not substitute our own judgment for that of the Board. *Id.* ¶ 9, 927 A.2d at 414–15. Further, as the party with the burden of proof at the municipal level, the Trudos can succeed in challenging the Board's findings against them only if the record

compels a conclusion contrary to that reached by the Board. *See Two Lights Lobster Shack v. Town of Cape Elizabeth*, 1998 ME 153, ¶ 5, 712 A.2d 1061, 1063.

[¶ 8] The Town contends that the evidence before the Board supports the Board's determination that the Trudos' renovations expanded their nonconforming use of the porch. In order for the Board's decision to be upheld, there must be evidence in the record both that the Trudos' use of their porch is nonconforming, and that that nonconforming use was "changed, extended or enlarged" in some manner. *See* Kennebunkport, Me., Land Use Ordinance § 8.2(A) (Nov. 4, 2003).

[¶ 9] As the Town argues, the Trudos' use of their home, including their porch, is nonconforming because it is located within the "critical edge zone." The "critical edge zone" is "an overlay zone which covers a strip of land 150 feet in width, upland from and parallel with the edge of the coastal wetland." Kennebunkport, Me., Land Use Ordinance § 3.3(M) (Nov. 4, 2003). Generally, permitted uses in the critical edge include only non-intensive activities, such as surveying and boundary posting, emergency operations, and hiking; single-family residential uses are not among those uses permitted in the critical edge zone. Kennebunkport, Me., Land Use Ordinance § 5.5(A) (Nov. 4, 2003). Pursuant to section 5.5 of the Ordinance, however: "A single-family detached dwelling in existence on August 4, 1998, which becomes a nonconforming use due to its inclusion in the Critical Edge may be expanded or enlarged by permit from the Planning Board...." Kennebunkport, Me., Land Use Ordinance § 5.5(C)(2) (Nov. 4, 2003). Thus, by the plain language of section 5.5(C)(2), single-family detached dwellings located in the critical edge zone are deemed nonconforming uses, and such nonconforming uses may be

expanded only by permit from the Planning Board.

[¶ 10] The Trudos' home is a single-family detached dwelling that was in existence before 1998 and it is located within the critical edge zone, and the Board expressly and correctly found that "[t]he house is legally nonconforming due to its lot size and its location within the Critical Edge zone and the Shoreland zone." *See* Kennebunkport, Me., Land Use Ordinance § 5.5(C)(2) (Nov. 4, 2003).

■ [¶ 11] The next critical inquiry is whether the Board's finding that the Trudos expanded their use of the porch by their renovations is supported by sufficient evidence. As defined in the Ordinance, "expansion" includes "[t]he addition of one or more months to a use's operating season; or the use of more floor area or ground area devoted to a particular use." Kennebunkport, Me., Land Use Ordinance § 2.2 (Nov. 4, 2003). The testimony offered at the hearing indicated that the Trudos' porch renovations consisted of: installing insulated glass windows in place of screens; adding a tile floor; enclosing the railing; and adding stone to the porch foundation.[1] The porch was wired for electrical outlets before the renovations. Although its location on the wall was moved, a sliding glass door still separates the living room from the porch. The porch is not heated, but the Trudos now have the option of opening the door and allowing heat from the living room to enter the porch. The Trudos testified that the purpose of their renovations was to keep their porch furniture dry, and to allow them to sit on the porch more comfortably in bad weather, including during the summer months. Donna Trudo, however, also testified that they can extend the season of use for the porch "a little bit more."

[¶ 12] We must defer to the Board's assessment of the evidence, such as the nature of the renovations and the testimony, as well as "all reasonable inferences that may be drawn from the evidence." *Jacobs v. Jacobs,* 2007 ME 14, ¶ 9, 915 A.2d 409, 411. The Board could have reasonably inferred from that evidence that the Trudos' renovations to their porch would allow them to use their porch for at least an additional month out of the year. A contrary conclusion is not compelled. *See Two Lights Lobster Shack,* 1998 ME 153, ¶ 5, 712 A.2d at 1063. Thus, we cannot disturb the Board's finding that the Trudos' porch renovations constitute an impermissible expansion of a nonconforming use.[2]

The entry is:

Judgment of the Superior Court vacated and remanded for entry of a judgment affirming the decision of the Town of Kennebunkport Zoning Board of Appeals.

■

1. Although the Trudos had obtained permission to complete some of these renovations, including the addition of stone to the porch foundation, they did not obtain a permit to install windows in place of screens on the porch.

2. Because we find no error in the Board's conclusion that the Trudos expanded a nonconforming use, a finding that independently supports the Board's decision, we need not consider the Town's alternative argument, that the Board's decision is also supported by its finding that the Trudos' renovations constitute an impermissible expansion of a nonconforming structure.