**2008 ME 34**

**Kelly A. PRESTON**

v.

**William TRACY.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Jan. 24, 2008.
Decided: Feb. 28, 2008.

John D. Bunker, Esq., Paine, Lynch & Harris, P.A., Bangor, ME, for Kelly A. Preston.

Donald F. Brown, Esq., Law Offices of Donald F. Brown, Esq., Brewer, ME, for William Tracy.

Panel: CLIFFORD, ALEXANDER, LEVY, MEAD, and GORMAN, JJ.

MEAD, J.

[¶ 1] Kelly Preston appeals from a judgment of the District Court (Bangor, *Stitham, J.*) dismissing her complaint for protection from abuse following a contested hearing. Preston contends that the court erred in finding that she did not meet her burden of proof by a preponderance of the evidence, and in finding by clear and convincing evidence that she had willfully misused the protection from abuse process in an attempt to gain a tactical advantage over William Tracy in an anticipated proceeding to modify parental rights and responsibilities. We modify the judgment and, as modified, we affirm.

## I. FACTS AND PROCEDURE

[¶ 2] Kelly Preston and William Tracy were married in 1990 and divorced in 1997. They have three children together: a daughter, age fourteen at the time of the hearing; and twins, then age eleven. Fol-

lowing the divorce, the children resided with Kelly, while William had visitation rights. William lived in Florida for the nine years preceding the hearing.

[¶ 3] In November 2006, Kelly filed a complaint for protection from abuse in the District Court on behalf of herself and the three children. A hearing was held at which both parties were represented by counsel. Kelly, William, and their oldest daughter all testified. In the testimony central to the complaint, the daughter said that on Halloween night in 1997, when she was four years old, she was visiting William at his apartment in Calais. She said that while he was in the shower he called her into the bathroom, had her remove her costume and join him, and then told her to put his penis in her mouth, which she did. She said that it was the only time William touched her inappropriately. She did not tell anybody about what had happened. The daughter also testified that her father had given her alcoholic beverages during a visit in 1997 and continued to do so in subsequent visits.

[¶ 4] In the fall of 2006, the daughter knew that her parents were arguing over William's plan to seek a court order allowing him to take the children to Florida for visits, and she knew that Kelly strenuously opposed that plan. Shortly after the argument, the daughter told Kelly for the first time about the incident of sexual abuse and about William furnishing her with alcohol.[1] She testified that she had not told her mother before then because she knew that the family was dependent on William's child support payments, and because she thought no one would believe her.

[¶ 5] Kelly testified that William struck her once before they were married, and once during their marriage. She reported that he had threatened to kill her, prompting her to obtain a protection order in 1996 that William was later convicted of violating. She said that she sought a new order for herself because she feared William's reaction to their daughter's report of abuse. In his testimony, William denied that he had ever sexually abused his daughter or given her alcohol. He also denied ever physically abusing or making any threats against Kelly.

[¶ 6] At the conclusion of the hearing, the court announced its ruling from the bench:

> With regard to any witness's testimony, there is the aspect of the witness testimony in terms of what the witness actually says. It is another aspect to any witness's testimony, which is what's known as demeanor evidence, how the witness says it, how the witness comes across on the stand. And it can-often-times, there's not much significance to demeanor evidence, but sometimes it can be very powerful. I can't think of a case where the demeanor evidence of every single witness in a case was as significant as it was in this case. There is problems with-there are problems with making sense of the plaintiff's witnesses and fitting the pieces together. But far more than that, the demeanor evidence as to the defendant and [the daughter] and Kelly was most significant. The plaintiff has not met her burden of proof . . . as to [the daughter] or herself. . . . [T]he complaint for protection is hereby dismissed.[2]

[¶ 7] Later, on its own initiative, the court made written findings of fact in

---

1. The daughter testified that she told her boyfriend about the sexual abuse one year before she told her mother. He did not testify at the hearing.

2. At the conclusion of Kelly's case-in-chief, the court granted William's motion for judgment in his favor concerning the twins.

which it found that Kelly and her daughter were not credible witnesses, and that William was credible. It further found that:

> While there is no pending motion to modify the divorce judgment as to Kelly A. Preston and William Tracy, this Court finds by clear and convincing evidence that Kelly A. Preston has willfully misused the protection from abuse process to attempt to give her a preemptive advantage against William Tracy as she anticipated that he would be filing a motion to modify the divorce judgment to increase his visitation rights as to these 3 children.

[¶ 8] In a footnote, the court referenced 19–A M.R.S. § 1653(3)(*O*) (2007), which provides that one of the factors a court is to consider in determining the best interest of a child when awarding parental rights and responsibilities is "[a] parent's prior willful misuse of the protection from abuse process.... Such willful misuse may only be considered if established by clear and convincing evidence...." The court was aware that William's attorney had drafted, but had not filed, a motion concerning the divorce case.

[¶ 9] Kelly then filed this appeal.

## II. DISCUSSION

### A. Sufficiency of the Evidence

[¶ 10] Kelly contends that the District Court abused its discretion in its assessment of the evidence and subsequent dismissal of her complaint. As the plaintiff, it was Kelly's burden to prove her claim of abuse by a preponderance of the evidence. 19–A M.R.S. § 4006(1) (2007); *Jacobs v. Jacobs*, 2007 ME 14, ¶ 7, 915 A.2d 409, 411. We review the trial court's findings of fact for clear error and will affirm those findings "if there is competent evidence in the record to support them, even if the evidence might support alterna-

tive findings of fact." *Id.* ¶ 5, 915 A.2d at 410.

[¶ 11] Kelly's argument rests on a complaint that the court believed William, and disbelieved her and her daughter. It is well established that determinations regarding witness credibility are the exclusive province of the fact-finder. *State v. Durant*, 2004 ME 136, ¶ 12, 861 A.2d 637, 640. Here, the trial court found William's testimony to be credible. He denied that the abuse alleged by Kelly and their daughter ever occurred. Therefore, the court's finding to that effect was supported by competent evidence, and its dismissal of Kelly's complaint was proper.

### B. Abuse of Process Finding

[¶ 12] Kelly next argues that because there was no motion to modify the divorce judgment before the District Court, its finding by clear and convincing evidence that she willfully misused the protection from abuse process, whether or not it was justified by the evidence, was "extraneous and unnecessary." Fearing that she may be estopped from relitigating that issue in a future action, she asserts that the finding must be stricken. While we agree that linking the finding to a future motion to modify parental rights and responsibilities was error, the finding itself was not, and so we decline to disturb it as it relates to the protection from abuse case.

[¶ 13] The Legislature has directed that a court must consider several factors when determining the best interest of a child as a predicate to awarding parental rights and responsibilities. 19–A M.R.S. § 1653(3) (2007). Among these is "[a] parent's *prior* willful misuse of the protection from abuse process ... in order to gain tactical advantage in a proceeding involving the determination of parental rights and responsibilities of a minor child." 19–

A M.R.S. § 1653(3)(*O*) (emphasis added). A court may consider a parent's willful misuse of the process only if: (1) it is established by clear and convincing evidence, and (2) "that in the particular circumstances of the parents and child, that willful misuse tends to show that the acting parent will in the future have a lessened ability and willingness to cooperate and work with the other parent in their shared responsibilities for the child." *Id.*

[¶ 14] In specifying that a court is to consider *prior* misconduct, the statute suggests that the finding of willful misuse is retrospective, not contemporaneous. We have done the same. Discussing the connection between misuse of the protection from abuse process and a later action to determine parental rights and responsibilities, we said:

> [T]here must be a demonstrable nexus between the misuse of the protection process ... and the children's best interests.... The divorce court cannot adequately determine whether that nexus exists unless the divorce court itself, *independently of the District Court's earlier dismissal of the protection from abuse proceeding*, examines the totality of the circumstances of the family and the litigation between the parents. In making that independent examination, the divorce court must accord the parties an opportunity to present evidence and argument.

*Campbell v. Campbell*, 604 A.2d 33, 37 (Me.1992) (emphasis added).

[¶ 15] Section 1653(3)(*O*) and *Campbell* thus instruct that when determining parental rights and responsibilities, a court hearing the family matter must make an independent examination of the totality of the circumstances after hearing fresh evidence. A court cannot perform that important function if an earlier finding is binding upon it as res judicata. Accordingly, the District Court erred when it found by clear and convincing evidence that Kelly willfully misused the protection from abuse process, and then tied that finding to the best interest of the child determination required by 19–A.M.R.S. § 1653(3).

[¶ 16] Restricted to the protection from abuse case, however, the finding was not improper. In that context the trial court was required to decide whether Kelly had proved her allegations of abuse by a preponderance of the evidence. 19–A M.R.S. § 4006(1); *Jacobs*, 2007 ME 14, ¶ 7, 915 A.2d at 411. The court's finding by a preponderance that she had willfully misused the protection from abuse process was relevant to that determination, and narrowed to that scope the court did not err in making it.

The entry is:

The judgment of the District Court is modified by replacing the finding of misuse of process by clear and convincing evidence with an identical finding by a preponderance of the evidence, and by striking its reference to 19–A M.R.S. § 1653(3)(*O*). As modified, judgment affirmed.