MAINE SUPREME JUDICIAL COURT                        Reporter of Decisions
Decision:    2018 ME 34
Docket:      Cum-17-375
Argued:      February 15, 2018
Decided:     March 15, 2018

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

JENNIFER L. DEAH

v.

TRISTAN CUTHBERT

PER CURIAM

[¶1]  Tristan Cuthbert appeals from an order for protection from abuse entered in the District Court (Portland, *Oram, J.*) following a hearing on a complaint filed by Jennifer L. Deah.  *See* 19-A M.R.S. §§ 4002(1),[1] 4007(1) (2017).  Cuthbert contends that the court erred and disregarded substantial evidence in its ultimate finding that he abused Deah.  Cuthbert also challenges the court's application of the best evidence rule, M.R. Evid. 1002, when it required him to allow Deah to review either printed copies or the electronic versions of emails and texts prior to his cross-examination of her.  Because the

---

[1]  Section 4002(1) was amended effective July 15, 2017.  *See* P.L. 2017, ch. 288, §§ A-17 to A-19. These amendments do not affect the present case.

2

court did not err in its findings or abuse its discretion in its evidentiary rulings, we affirm the judgment.

## I. CASE HISTORY

[¶2]  Deah filed a petition for a protection from abuse order against her boyfriend, Cuthbert, in July 2017.  The court held a final hearing on the complaint on August 11, 2017.  Both parties were represented by counsel. During the hearing, Deah testified about several incidents of Cuthbert's aggression towards her—two of which involved Cuthbert kicking her, pushing her, and hitting her.

[¶3]  Deah also testified that a third incident occurred on July 5, 2017. While staying at a home that Cuthbert used in western Maine, Deah and Cuthbert had a disagreement.  Cuthbert began "slamming things around," and the situation escalated.  Cuthbert kicked Deah and threw a bookcase at her.  He then took a bottle of charcoal lighter fluid, sprayed it over Deah, grabbed a lighter, and threatened to kill her.

[¶4]  Deah left the house and went to her car.  Cuthbert followed.  Deah began backing her car out of the driveway when Cuthbert reached through her open driver's side window with the lighter and started clicking it, attempting to produce a flame.  Deah tried to defend herself through the window, during

which time Cuthbert caused significant damage to her vehicle. Deah testified that she was terrified that Cuthbert was going to light her on fire and kill her.

[¶5] During cross-examination of Deah, Cuthbert sought to have Deah look at "a whole stack" of printouts of text messages and emails that he claimed were sent by Deah. Citing the best evidence rule, M.R. Evid. 1002, counsel for Deah argued that he and Deah had a right to view the originals to determine whether the printouts were accurate.

[¶6] The court ruled that Cuthbert must either (1) show Deah the original texts and emails from Cuthbert's phone itself or (2) provide the printouts of the texts and emails to Deah, prior to his cross-examination of her, so that she could review them and determine whether there were any disputes about their authenticity. The court then took a brief recess so that Cuthbert could show Deah the original texts and emails or the printouts.

[¶7] After allowing Deah to review the printouts of the text messages and emails, Cuthbert questioned her about certain messages. During questioning, Cuthbert read some of the texts aloud, and Deah testified as to whether she sent the messages. After reading the messages and having Deah acknowledge that she sent the messages, Cuthbert sought to enter the documents in evidence. Because Cuthbert had not had Deah authenticate all of the messages in one

4

exhibit, the court sustained Deah's objection to admitting that exhibit. The court noted that some of the messages were already in evidence, having been read by Cuthbert and acknowledged by Deah.

[¶8] At the conclusion of the hearing, the court found that Cuthbert had abused Deah and issued a two-year protection order. Cuthbert timely appealed. M.R. App. P. 2 (Tower 2016).[2]

---

[2] Cuthbert filed his appeal on August 31, 2017, one day before the restyled Maine Rules of Appellate Procedure took effect. *See* M.R. App. P. 1 (restyled). Cuthbert filed an appendix to support his appeal, pursuant to M.R. App. P. 8 (Tower 2016). Rule 8 of the Maine Rules of Appellate Procedure, governing the appendix to the briefs, was significantly revised in the restyled Maine Rules of Appellate Procedure. Of particular importance, restyled Rule 8(g) provides a list of items that must not be included in an appendix. The appendix filed to support this appeal includes items that would be prohibited if Rule 8(g) of the restyled Rules applied. Including items prohibited by Rule 8(g) in an appendix to which the restyled Rules apply could result in rejection of the appendix or dismissal of the entire appeal. *See* M.R. App P. 8(h) (restyled). The restyled Rule 8 provides:

**(g) Exclusions from the Appendix.** The appendix shall not include:

**(1)** any documents or images that are not a part of the trial court file or the record on appeal, other than a supplement of legal authorities authorized in subdivision (n) hereof;

**(2)** any documents that are, or include, pictures, videos, or other images (A) of persons under 18 years of age, (B) of adults subject to a guardianship or mental health commitment proceeding, or (C) that depict nudity or sexual or sexualized acts;

**(3)** except for an appendix prepared by the State in a child protective case, any documents made confidential by statute or court order that are not required to be included in the appendix by subdivisions (d) or (e) hereof; or

**(4)** any portion of the transcript from the trial court other than on the record statements or discussions required to be included in the appendix by subdivisions (d) or (e) hereof.

**(h) Failure to Comply with Rules.** An appendix that (1) fails to include mandatory documents; (2) does not present documents in the required order: first documents required by subdivision (d), then documents required by subdivision (e), then documents, if any, included pursuant to subdivision (f); (3) includes duplicate

## II. LEGAL ANALYSIS

[¶9] Cuthbert argues that the court erred in (1) requiring him to show Deah the copies of the text messages and emails before he questioned her about them and excluding from evidence the written communications, and (2) finding that he had abused Deah. Cuthbert specifically argues that the evidence before the court, including Deah's electronic communications, demonstrated Deah's lack of credibility, preventing the court from finding abuse.

A. Evidentiary Rulings

[¶10] Deah was the only witness to testify at the hearing. Although identified as a "best evidence" objection, Deah's purported objection appears to have actually been a request that she be permitted to review the printouts of statements being attributed to her for accuracy and authenticity.

[¶11] To create an appropriate record on appeal, every document used during a trial must be identified. When, as here, counsel hopes to have a document admitted in evidence, counsel should mark the document as an exhibit, identify it at the hearing as an exhibit marked "for identification," and

---

copies of documents; (4) includes documents or images excluded by subdivision (g); or (5) otherwise is not prepared in compliance with these Rules may be rejected, with the party that prepared the appendix being required to prepare and file a replacement appendix that complies with these Rules or being subject to another appropriate sanction, including dismissal of the appeal.

6

then have it authenticated.[3] *See* M.R. Evid. 901(a). Cuthbert obviously intended to have the documents authenticated by Deah; therefore, Deah had to be able to review the documents to determine whether she had sent each of the messages.

[¶12]   To avoid having Deah take the time to review and then acknowledge or challenge each of the messages in the "stack" of documents through repetitive and time-consuming questions during a hearing that should be expedited, the court appropriately required that all of the exhibits be shown to Deah at one time.  *See* 19-A M.R.S. § 4001(2) (2017); M.R. Evid. 611(a), 901(a).

[¶13]   Because Cuthbert had identified the documents as containing statements attributed to Deah, and because Deah's attorney asked to have the statements disclosed, M.R. Evid. 613 mandated that Cuthbert show Deah's attorney the printouts.  M.R. Evid. 613 ("When examining a witness about the witness's prior statement, a party need not show it or disclose its contents to the witness.  But the party must, on request, show it or disclose its contents to an adverse party's attorney.").  Thus, although Rule 1002 provided no basis for

---

[3] To ensure a complete record of the hearing for any appeal, any exhibit marked for identification and mentioned at a hearing, whether offered or admitted into evidence, should be provided to the clerk for inclusion in the record.

the review of the documents, Rules 611(a), 613, and 901(a) support the court's actions in requiring Cuthbert to disclose the printouts to both Deah and her attorney before cross-examination.[4]

B.      Sufficiency of the Evidence

[¶14]  "We review a trial court's finding of abuse for clear error and will affirm a trial court's findings if they are supported by competent evidence in the record, even if the evidence might support alternative findings of fact." *Walton v. Ireland*, 2014 ME 130, ¶ 22, 104 A.3d 883.  We will defer to the trial court's determination of witness credibility and to its resolution of conflicts in testimony.  *Gordon v. Cheskin*, 2013 ME 113, ¶ 12, 82 A.3d 1221.

[¶15]  For the court to find abuse, the moving party must prove by a preponderance of the evidence that the parties were "family or household members or dating partners."   19-A M.R.S. § 4002(1); *see* 19-A M.R.S. § 4002(3-A), (4) (2017); *Jacobs v. Jacobs*, 2007 ME 14, ¶ 7, 915 A.2d 409.

---

    [4] Cuthbert also appears to argue that the court erred by excluding an exhibit that contained text messages and emails.  At oral argument, Cuthbert clarified that he was not ascribing error as to those text messages and emails that Deah acknowledged having sent and that were read into the record.  Beyond that, it appears that there were other text messages and emails that Cuthbert did not offer in evidence or ask Deah about and therefore were not admitted in evidence in any form.  Cuthbert did not make an offer of proof or otherwise create a record regarding the contents of those remaining communications; accordingly, he has not preserved that challenge for consideration on appeal.  *See* M.R. Evid. 103(a); Field & Murray, *Maine Evidence* § 103.4 at 16 (6th ed. 2007) ("If the proof offered is a writing . . . , the writing . . . should be marked and included as a part of the record in the case so that the appellate court can appreciate the actuality of the proffer.").

Additionally, the court must find that abuse occurred between the parties. *See* 19-A M.R.S. § 4002(1) (defining abuse to include "[a]ttempting to cause or causing bodily injury or offensive physical contact").

[¶16]   There is no dispute that Cuthbert and Deah were household members or dating partners.  On the contested issue of abuse, Deah testified that Cuthbert hit her, kicked her, sprayed her with lighter fluid, threatened to light her on fire, and attacked her vehicle causing significant damage.  The court's finding of abuse as defined in 19-A M.R.S. § 4002(1) is fully supported by the record.

The entry is:

Judgment affirmed.

---

John H. Branson, Esq. (orally), Branson Law Office, P.A., Portland, for appellant Tristan Cuthbert

Benjamin P Campo, Jr., Esq. (orally), Douglas McDaniel & Campo LLC, PA, Westbrook, for appellee Jennifer L. Deah

Portland District Court docket number PA-2017-535
FOR CLERK REFERENCE ONLY